## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANOFI-AVENTIS and<br>SANOFI-AVENTIS U.S. LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SUN PHARMACEUTICAL INDUSTRIES,<br>LTD., SUN PHARMACEUTICAL<br>INDUSTRIES, INC., SUN PHARMA<br>ADVANCED RESEARCH COMPANY,<br>LTD. and SUN PHARMA GLOBAL INC.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　　C. A. No. 08-350-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT OF SUN PHARMA ADVANCED
## RESEARCH COMPANY, LTD.

Defendant  Sun Pharma Advanced Research Company, Ltd. ("Sun Advanced") hereby

answers the Complaint filed by plaintiffs sanofi-aventis and sanofi-aventis U.S. LLC

(collectively, "plaintiffs"), as follows:

### Parties

1.　　Plaintiff sanofi-aventis is a corporation organized and existing under the laws of
France, having its principal place of business at 174 avenue de France, Paris, France
75013.

**ANSWER:**　　Admitted on information and belief.

2.　　Plaintiff sanofi-aventis U.S. is a limited liability company organized and existing
under the laws of Delaware with its North American headquarters located at 55 Corporate
Drive, Bridgewater, New Jersey 08807.

**ANSWER:**　　Admitted on information and belief.

3.　　Upon information and belief, Defendant Sun Ltd. is an Indian corporation having
a place of business at Acme Plaza, Andheri-Kurla Road, Andheri (E), Mumbai, India -
401059. Upon information and belief, Defendant Sun Ltd., itself and through its wholly-
owned subsidiaries and agents Defendants Sun Inc., Sun Advanced, and Sun Global,

manufactures and/or markets numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**    Admit on information and belief that Sun Ltd. is a corporation of India

with a place of business in Mumbai, India. The remainder of the allegations are denied.

4.    Upon information and belief, Defendant Sun Inc. was a Michigan corporation, and the wholly-owned subsidiary and agent of Defendant Sun Ltd., having a place of business at 29714 Orion CT, Farmington Hills, Michigan 48334 at the time Abbreviated New Drug Application ("ANDA") 79-057 was submitted. Upon information and belief, Sun Inc. was dissolved on or about July 15, 2007. Upon information and belief, Defendant Sun Inc. had manufactured or marketed numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**    Admit on information and belief that Sun, Inc. is a Michigan corporation

having a place of business in Farmington Hills, Michigan. Deny the remainder of the

allegations.

5.    Upon information and belief, Defendant Sun Advanced is a company incorporated under the laws of India, and the wholly-owned subsidiary and agent of Defendant Sun Ltd., having a place of business at 17-B, Mahal Industrial Estate, Mahakali Caves Road, Andheri (E), Mumbai, India - 400093. Upon information and belief, Defendant Sun Advanced, itself and through its agent and parent corporation Defendant Sun Ltd., manufactures and/or markets numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**    Admit that Sun Advanced is a corporation of India with a place of

business in Mumbai, India. Deny the remainder of the allegations in this paragraph.

6.    Upon information and belief, Defendant Sun Global is a company incorporated under the laws of the British Virgin Islands, and the wholly-owned subsidiary and agent of Defendant Sun Ltd., having a place of business at Akara Building, 24 De Castro Street, Wickhams Clay 1 Road, Town Tortola, British Virgin Islands. Upon information and belief, Defendant Sun Global, itself and through its agent and parent corporation Defendant Sun Ltd., manufactures and/or markets numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:**    Admit on information and belief that Sun Global is a company

incorporated under the laws of the British Virgin islands and that it is a wholly owned subsidiary

of Sun Ltd. Deny the remaining allegations in this paragraph.

2

## Nature of the Action

7.    This is a civil action for the infringement of United States Patent No. 4,661,491 ("the '491 patent") (Exhibit A). This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

**ANSWER:**    Admitted that the Complaint purports to state a cause of action for patent

infringement under the Patent Laws of the United States.  Admitted that Exhibit A to the

Complaint appears to be a copy of United States Patent No. 4,661,491 ("the '491 patent").

## Jurisdiction and Venue

8.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**    Admit  that this Court has subject matter jurisdiction over the claims

brought in the present action.

9.    This Court has personal jurisdiction over each of the Defendants as they have consented to jurisdiction in this district for this action. In addition, this Court has personal jurisdiction over each of the Defendants by virtue of the fact that, *inter alia*, each Defendant has committed, or aided, abetted, contributed to and/or participated in the commission of, the tortious act of patent infringement that has led to foreseeable harm and injury to a Delaware company, Plaintiff sanofi-aventis U.S. This Court has personal jurisdiction over each of the Defendants for the additional reasons set forth below and for other reasons that will be presented to the Court if such jurisdiction is challenged at a later time.

**ANSWER:**    Deny that this Court has personal jurisdiction over Sun Advanced, and

without sufficient information or belief to as each of the other defendants, and therefore denies

the remainder of the allegations in this paragraph.

10.    This Court has personal jurisdiction over Defendant Sun Ltd. by virtue of, *inter alia*, its systematic and continuous contacts with Delaware, including through its subsidiaries and agents Sun Inc., Sun Advanced, and Sun Global. Additionally, Sun Ltd. previously consented to personal jurisdiction in this district in *sanofi-aventis, et al. v. Actavis South Atlantic, LLC, et al.*, C.A. No. 07-572-GMS, concerning United States Patent No. 6,149,940 ("the '940 patent"), which is listed along with the '491 patent in the Food and Drug Administration's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") for Uroxatral®.

3

**ANSWER:**     Sun Advanced is not in a position to admit or deny that this Court has

personal jurisdiction over Sun Ltd., and thus denies the same.

11.    This Court has personal jurisdiction over Defendant Sun Inc. by virtue of, *inter alia*, its systematic and continuous contacts with Delaware. Additionally, Sun Inc. previously consented to personal jurisdiction in this district in *sanofi-aventis, et al. v. Actavis South Atlantic, LLC, et al.*, C.A. No. 07-572-GMS, concerning the '940 patent.

**ANSWER:**     Sun Advanced is not in a position to admit or deny that this Court has

personal jurisdiction over Sun Inc., and thus denies the same.

12.    This Court has personal jurisdiction over Defendant Sun Advanced by virtue of, *inter alia*, its systematic and continuous contacts with Delaware, including through its agent and parent corporation Sun Ltd.

**ANSWER:**     Denied.

13.    This Court has personal jurisdiction over Defendant Sun Global by virtue of, *inter alia*, its systematic and continuous contacts with Delaware, including through its agent and parent corporation Sun Ltd.

**ANSWER:**     Sun Advanced is not in a position to admit or deny that this Court has

personal jurisdiction over Sun Global, and thus denies the same.

14.    Venue is proper in this judicial district as to each defendant pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:**     Sun Advanced cannot answer as to the other defendants, but denies the

allegation as far as it applies to Sun Advanced.

### The '491 Patent

15.    On April 28, 1987, the '491 patent, titled "Alfuzosine Compositions and Use," was duly and legally issued by the United States Patent and Trademark Office ("PTO"). Plaintiff sanofi-aventis is the current assignee of the '491 patent. Plaintiff sanofi-aventis U.S. holds New Drug Application ("NDA") No. 21-287 on Uroxatral® brand alfuzosin hydrochloride extended release tablets, and is the exclusive distributor of Uroxatral® in the United States. The '491 patent is listed in the Orange Book for Uroxatral®.

**ANSWER:**     Admit that the '491 patent issued on April 28, 1997.  Admit that plaintiff

sanofi-aventis is the current assignee of the '491 patent.  Admit that plaintiff sanofi-adventis U.S.

4

holds NDA No. 21-287 on Uroxatral® brand alfuzosin hydrochloride extended release tablets.

Admit that the '491 patent is listed in the Orange Book, but deny that the '491 patent is properly

listed in the Orange Book. Sun Advanced is without sufficient knowledge or information to

form a belief as to the truth or falsity of the remaining averments of Paragraph 15, and on that

basis deny such averments.

### Acts Giving Rise to this Action
### Infringement of the '491 Patent by Defendants

16.    Upon information and belief, Sun Ltd. submitted ANDA 79-057 to the FDA
under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). ANDA
79-057 seeks FDA approval for the commercial manufacture, use, offer for sale and sale
of generic extended release tablets containing 10 mg of alfuzosin hydrochloride per
tablet. ANDA 79-057 specifically seeks FDA approval to market a proposed generic
version of sanofi-aventis's Uroxatral® brand alfuzosin hydrochloride 10 mg tablet
product prior to the expiration of the '491 patent. Upon information and belief, Sun
Global is the current owner of ANDA 79-057. Upon information and belief, Sun Global
purchased ANDA 79-057 and had the FDA transfer ANDA 79-057 to it.

**ANSWER:**    Admitted.

17.    On information and belief, the Sun Entities alleged in ANDA 79-057 under
§ 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act that the claims of the
'491 patent are not infringed. Plaintiffs received written notification of the §
505(j)(2)(A)(vii)(IV) allegation related to the '491 patent in ANDA 79-057 on or about
May 28, 2008.

**ANSWER:**    Sun Advanced is without information sufficient to form a belief as to the

allegations in this paragraph and therefore denies the same.

18.    Upon information and belief, the Sun Entities directed, participated in,
contributed to, aided, abetted and/or induced the submission, amendments to, or pursuit
of approval, of ANDA 79-057 and the § 505(j)(2)(A)(vii)(IV) allegations to the FDA.

**ANSWER:**    Denied as to Sun Advanced and without information and belief as to the

remaining defendants.

19.    The Sun Entities submission, including their direction of, participation in,
contribution to, aiding, abetting and/or inducement of the submission, maintenance,
amendments to, or pursuit of approval, of ANDA 79-057 to the FDA, including the §
505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of the '491 patent under 35

U.S.C. § 271(e)(2)(A). The Sun Entities commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis's Uroxatral® brand product would infringe the '491 patent. The Sun Entities are jointly and severally liable for their infringement of the '491 patent.

**ANSWER:**    Denied.

20.    This is an exceptional case under 35 U.S.C. § 285 because Defendants were aware of the existence of the '491 patent at the time of the submission of ANDA 79-057 and their § 505(j)(2)(A)(vii)(IV) allegations to the FDA and that filing constituted infringement of the '491 patent.

**ANSWER:**    Denied.  Moreover, this allegation on its face violates F. R.Civ. P. 11.

21.    Plaintiffs will be irreparably harmed by Defendants infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

ANSWER:    Denied.

## FIRST AFFIRMATIVE DEFENSE

### No Personal Jurisdiction

1.    This Court lacks personal jurisdiction over Sun Advanced.

## SECOND AFFIRMATIVE DEFENSE

### Improper Venue

2.    Venue is improper as to Sun Advanced.

## THIRD AFFIRMATIVE DEFENSE

### No Infringement

3.    Sun Advanced did not participate in the alleged act of infringement pleaded in the

Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**Unenforceability of the '491 Patent Beyond the Original Expiration Date**

4.      The Hatch-Waxman Act requires each drug company filing an NDA to list patents in FDA's Orange Book that "claim [] the drug for which the applicant submitted the application or which claim [] a method using such drug with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." 21 U.S.C. § 355(b)(1).

5.      sanofi-aventis publishes "Prescribing Information" for Uroxatral on its website at www.uroxatral.com ("Sanofi's Website"). Under the heading "Indications and Usage," Sanofi's Website states as follows: "UROXATRAL (alfuzosin HCl extended-release tablets) is indicated for the treatment of the signs and symptoms of benign prostatic hyperplasia. UROXATRAL is not indicated for the treatment of hypertension." Hereinafter, "benign prostatic hyperplasia" is referred to as "BHP." According to Sanofi's Website, BHP "is the medical term for a non-cancerous enlarged prostate."

6.      Sanofi's Website lists the signs and symptoms of BHP as follows:

1. Obstructive symptoms related to the compression or obstruction of the urethra

    Feeling of incomplete bladder emptying

    Delay and difficulty in initiating an urinary stream

    Stopping and starting urination several times during voiding

    Weak urinary stream

    Dribbling at the end of urination

    Pushing or straining while urinating

2. Irritative symptoms related to loss of bladder function and control

7

Feeling of little warning when the urge of urination develops

Frequent urination with short intervals

Need to urinate during the night

Inability to hold back urine

Sanofi Website, http://www.uroxatral.com/bph-info/signs-symptoms.aspx.

7.    The Sanofi Website includes an "8-question quiz" for prospective patients:

1.  Over the past month, how often have you had a sensation of not emptying your bladder completely after you have finished urinating?

2.  Over the past month, how often have you had to urinate again less than 2 hours after you have finished urinating?

3.   Over the past month, how often have you found you stopped and started again several times when you urinated?

4.  Over the past month, how often have you found it difficult to postpone urination?

5.  Over the past month, how often have you had a weak urinary stream?

6.  Over the past month, how often have you had to push or strain to begin urination?

7.  Over the past month, how many times did you most typically get up to urinate from the time you went to bed at night until the time you got up in the morning?

8.  If you were to spend the rest of your life with your urinary condition just the way it is now, how would you feel about that?

Sanofi Website, http://www.uroxatral.com/bph-info/symptoms-quiz.aspx.

8.    NDA No. 21-297 for Uroxatral (hereinafter "Uroxatral") is approved by FDA

solely for use in the treatment of benign prostatic hyperplasia.

9.    The '491 patent is listed in the Orange Book for Uroxatral.  The Patent Use Code

listed in the Orange Book under Uroxatral for the '491 patent is "U-706."  The "Definition" for

such Use Code is "Treatment of Benign Prostatic Hyperplasia."

10.    The '491 patent does not cover a use for which the drug listed in the Orange Book for NDA No. 21-287 for Uroxatral is approved. The '491 patent covers only methods for treating dysuria.

11.    Plaintiffs' listing of the '491 patent in the Orange Book for NDA No. 21-287 for Uroxatral violates 21 C.F.R. § 314.53(b).

12.    The claims of the '491 patent are unenforceable after May 27, 2006, due to inequitable conduct, in violation of 35 U.S.C. § 156 and 37 C.F.R. § 1.740.

13.    On August 8, 2003, the predecessor of the plaintiffs, Sanofi-Synthelabo (the "Applicant"), then the owner of the '491 patent, deposited in the mail to the Patent and Trademark Office ("PTO") an Application for Extension of Patent Term (the "Application"). In the Application, Applicant requested that the term of the '491 patent, which would have expired on May 27, 2006, be extended 1,481 days, thus bringing its expiration date to June 16, 2010.

14.    Under 35 U.S.C. § 156 and 37 C.F.R. § 1.740, a patent term extension may be granted for a patent which claims a method of using a product only if the use claimed in the patent is the same use that is approved for the product by the FDA. *See* 35 U.S.C. § 156(b)(2); 37 C.F.R. § 1.740(a)(4), (9).

15.    Pursuant to 37 C.F.R. § 1.740, Applicant applied for an extension of the patent term for the '491 patent on August 6, 2003. In support of its application, Applicant disclosed that a product containing alfuzosin hydrochloride as the active ingredient was approved for "commercial marketing or use" by FDA on June 12, 2003. In support of its application for an extension, Applicant alleged that claims 1-5 of the '491 patent claim "a method of using alfuzosin hydrochloride," and specifically quoted claim 5 as an example:

9

"Claim 5 reads on a method for treating dysuria in male patients
having benign hypertrophy of the prostate using alfuzosin
hydrochloride."

Applicants disclosed that the product that was approved was the subject of NDA 21-287, but did

not explicitly disclose to the PTO that FDA's approval was solely for "Treatment of Benign

Prostatic Hyperplasia."

16.     In support of its application, Applicant included as an appendage to the

Application a 12 page document entitled "Summary of Alfuzosin Hydrochloride NDA

Activities," which bears a listing on page 12, *in very small print*, that on December 8, 2000,

"SANOFI-SYNTHELABO submitted NDA 21-287 for Alfuzosin HCL once daily for the

treatment of the signs and symptoms of benign prostatic hyperplasia." The purpose of the

summary was to justify the calculation of the number of days for which the patent term extension

should be granted.

17.     Nowhere in its application for an extension of the patent term did the Applicant

inform the PTO that the only use for which the NDA 21-287 was approved was for "Treatment

of Benign Prostatic Hyperplasia."

18.     As of August 6, 2003, the date Applicant filed its application for a patent term

extension, 37 C.F.R. §1.56 required applicants to disclose to the PTO "all information . . . that

may be material to patentability . . . ." The term, "materiality," was defined as information that

"refutes, or is inconsistent with, a position the applicant takes in . . . asserting an [a]rgument of

patentability." Further, the "duty of candor and good faith . . . is broader than the duty to

disclose material information." MPEP, § 2001.04 (8th Ed., Rev. 1, Feb 2003).

19.     As of August 6, 2003, 37 C.F.R. §1.765 specifically imposed on applicants for

patent term extensions "a duty of candor and good faith" to both the PTO and FDA. Under this

regulation, "information is material where there is a substantial likelihood that the [PTO and

FDA] would consider it important in determinations to be made in the patent term extension proceeding." Id., at Section 1.765(a).

20.     Violations of the duty of candor and good faith render the patent ineligible for a patent term extension. Id., at Section 1.765(c): "If it is established by clear and convincing evidence that any fraud was practiced or attempted on the Office or the Secretary in connection with the patent term extension proceeding or that there was any violation of the duty of disclosure through bad faith or gross negligence in connection with the patent term extension proceeding, a final determination will be made pursuant to § 1.750 that the patent is not eligible for extension." Id.

21.     Pursuant to MPEP § 2753, Applicant was required "explain how one method of use clam of the patent claims the method of use of the approved product," and this explanation was required to be clear.

22.     To fulfill its duty of candor, Applicant was required to clearly inform the PTO and FDA the NDA at issue was approved solely for "Treatment of Benign Prostatic Hyperplasia," and to point out to the PTO and FDA that the '491 patent does not cover a method for treatment of benign prostatic hyperplasia. Thus, Applicants violated their duty of candor to the PTO and FDA.

23.     Applicants failure to clearly point out the difference between the use approved for NDA 21-287 and the scope of the claims of the '491 patent would have been material to a reasonable examiner in analyzing Applicant's request for a patent term extension.

24.     After an opportunity for further investigation or discovery, the evidence is likely to show that Applicant's failure to comply with its duty of candor was knowingly false and

misleading, or grossly negligent, and made with the intent to deceive the PTO so as to induce the PTO to extend the term of the '491 patent.

25.     Indeed, the Applicant was aware of its duty of candor to the Director, as evidenced by the following statement in the application:

> Sanofi-Synthelabo acknowledges its duty to disclose to the
> Director of the United States Patent and Trademark Office and the
> Secretary of Health and Human Services any information of which
> it is aware which is material to the determination of entitlement to
> the extension sought.

26.     The Sun Entities request that this Court find that the patent term extension was obtained through inequitable conduct, and as a consequence, the '491 patent is unenforceable.

27.     The Sun Entities request that this Court find, as a consequence of Applicant's inequitable conduct, that this case is exceptional, and that the Sun Entities are entitled to their costs and attorneys fees under 35 U.S.C. § 285.

### FIFTH AFFIRMATIVE DEFENSE

### Expiration of the '491 Patent on the Original Expiration Date

28.     Sun Advanced incorporate paragraphs 1-27 of its affirmative defenses by reference.

29.     Because the term of the '491 patent was extended as the result of Applicant's violation of their duty of candor, in violation of 37 C.F.R. §1.765, the extension of the term of the '491 patent is void *ab initio*.

30.     Without the patent term extension, the '491 patent would have expired on May 27, 2006.

31.     The Sun Entities request that this Court order that the '491 patent expired on May 27, 2006.

32.    The Sun Entities request that this Court find that this case is exceptional, and that the Sun Entities are entitled to their costs and attorneys fees under 35 U.S.C. § 285.

### SIXTH AFFIRMATIVE DEFENSE

33.    In the alternative, if the Court finds that claims of the '491 patent cover the approved use for Uroxatral, then they are invalid for failure to comply with the provisions of 35 U.S.C. §§ 102, 103, or 112.

### Prayer for Relief

WHEREFORE, the Sun Advanced respectfully requests that this Court:

A.    Find that there is no personal jurisdiction over Sun Advanced;

B.    Find that Sun Advanced has not engaged in any of the alleged acts of infringement;

C.    Find that the '491 patent expired on May 27, 2006, the original expiration date of the patent, and is unenforceable beyond that date;

D.    Find that the '491 patent expired on May 27 , 2006, and that the patent term extension that was granted by the PTO was obtained by inequitable conduct and was void *ab initio*;

E.    Award attorneys' fees, interests and costs to Sun Advanced.

F.    Award to Sun Advanced such other and further relief as this Court deems just and proper.

13

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: _____

       Philip A. Rovner (#3215)

Eric C. Cohen
Manotti L. Jenkins
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661-3693
(312) 902-5200

       Hercules Plaza
       P. O. Box 951
       Wilmington, DE 19899
       (302) 984-6000
       E-mail: provner@potteranderson.com

Dated: July 14, 2008
873930

*Attorneys for Defendant*
*Sun Pharma Advanced Research Company,*
*Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on July 14, 2008, the within document was

filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as

indicated; and that the document is available for viewing and downloading from

CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Jack B. Blumenfeld, Esq.
Maryellen Noreika, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
mnoreika@mnat.com

I hereby certify that on July 14, 2008 I have sent by E-mail the foregoing

document to the following non-registered participants:

John M. Desmarais, Esq.
Gerald J. Flattmann, Jr., Esq.
William T. Vuk, Esq.
Kirkland & Ellis, L.L.P.
Citigroup Center
153 E. 53rd Street
New York, NY  10022
jdesmarais@kirkland.com
gflattmann@kirkland.com
wvuk@kirkland.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com